

| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive | | **JARED A. KASSCHAU**<br>County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

October 24, 2018

<u>Via ECF</u>
Hon. A. Kathleen Tomlinson
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:  Henry v. County of Nassau (17-CV-06545 (DRH)(AKT))

Dear Magistrate Judge Tomlinson:

  This office represents defendants in the above-referenced action.  This letter is written in response to plaintiff's motion to compel responses to certain interrogatories and document requests [DE 26] and the letter of plaintiff's counsel filed October 23, 2018 [DE 28] (the "Letter").  Defendants apologize to the Court and plaintiff's counsel for this belated response.

  Upon review of plaintiff's motion to compel, defendants are in the process of obtaining information responsive to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 10 and 11, and will provide said information when defendant Nassau County Police Department provides the requested information.

  With respect to plaintiff's document demands, defendants are in the process of obtaining documents responsive to Document Request No. 4, which seeks "Each Notice of Pistol License Revocation issued by Defendants from January 1, 2008 to the date of your response to this Request for Production of Documents."  However, with respect to Document Request No. 5, which seeks "Each document supporting the Notices of Pistol License Revocation produced in response to Document Request No. 4, above," to disclose the contents of the documents supporting each revocation would violate the privacy rights of the individuals whose licenses were revoked. "Individuals have a right to avoid the disclosure of 'personal matters' as a protected privacy interest." *Taylor v. Macomber*, 1999 WL 349696 at *2 (S.D.N.Y. May 27, 1999) (citing *Whalen v. Roe*, 429 U.S. 589 (1977).

  Defendants are in the process of obtaining documents responsive to Document Requests Nos. 5, 6 and 7 and will provide the responsive documents when defendant Nassau County Police Department provides the requested documents.  However, with respect to Document Demand No. 8, seeking "Each document related to the seizure, surrender, transfer, retention, disposition or return of Longarms since January 1, 2008 to the date the Policy began," defendants object on the grounds of undue burden and relevance.  To respond to this demand would entail the review and production of thousands of pages of documents for a nearly eleven-year period, and these documents are irrelevant to plaintiff's claim.

Plaintiff's claim is that Nassau County residents who choose to have a pistol license risk the loss of all firearms if their pistol license is revoked. To support his claim, plaintiff requires only the numerical data of the aggregate number of licenses applied for, not the names and personal information of the applicants. Further, with respect to proportionality, the 2015 amendment to Fed. R. Civ. P. 26(b)(1) "is intended to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114 at *3 (S.D.N.Y. Jan. 25, 2016), quoting *State Farm Mut. Auto. Ins. Co. v. Fayda,* 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015).

Proportionality focuses on the marginal utility of the discovery sought. *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 322-23 (S.D.N.Y. 2003). Here, the actual content of the applications is completely irrelevant to plaintiff's claims and, further, the heavy administrative burden of compelling defendants to produce thousands of pages of private information from the applicants over an eleven-year period is disproportionate to the alleged relevance. *See, e.g., Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) (denying motion to compel production on grounds of disproportionality).

Similarly, defendants object to Document Request No. 9, which seeks "Each document related to the seizure, surrender, transfer, retention, disposition or return of Longarms under the Policy since the Policy began to the date of your response to this Request for Production of Documents," and Document Request No. 10, which seeks "Each document related to the seizure, surrender, transfer, retention, disposition or return of the Longarms owned by individual citizens who received a Notice of Pistol License Revocation since January 1, 2008 to the date the Policy was promulgated." These demands are unduly burdensome and would require the production of thousands of pages of documents which are irrelevant to plaintiff's claim.

Defendants also object to Document Request No. 11, which seeks production of "Each application for a Pistol License since January 1, 2008 to the date of your production of documents in response to this Request," defendants object to producing the thousands of pages of personal information contained in nearly eleven years of applications based on the privacy rights of the applicants, and also based on grounds of disproportionality.

The same argument applies to plaintiff's *first* "Document Request No. 12" which appears on page 17 of the Letter, in which plaintiff seeks production of "Each application for the renewal of a Pistol License since January 1, 2008 to the date of your production of documents in response to this request. Again, the content of the renewal applications is irrelevant to plaintiff's claim, and production would be disproportionate to the alleged relevance.

The same objections apply to the *second* "Document Request No. 12" appearing on page 17 of the Letter, in which plaintiff seeks "Each Electronic Pistol License Record for all Pistol Licenses revoked or not renewed since January 1, 2008 to the date of your production of documents in response to this Request." To disclose the contents of each electronic pistol license records would violate the privacy rights of the individuals whose personal information

is contained in the records; the contents are irrelevant to plaintiff's claims; and the burden upon defendants to produce thousands of pages of documents which are irrelevant to plaintiff's claim is disproportionate to the alleged relevance.

       As always, defendants thank Your Honor for your attention in this matter.

       Respectfully submitted,

       /s/  Ralph J. Reissman
       RALPH J. REISSMAN
       Deputy County Attorney

cc:  Steven M. Lester, Esq.
     Attorney for Plaintiff