

Steven M. Lester
Robert J. La Reddola
_____

Nicole A. Wolfer
(Admission Pending)

rjl@llalawfirm.com

NYC Office (by appointment only):
46 Trinity Place, #1, New York, New York 10006
(646) 415-8171

January 27, 2022

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Henry v. County of Nassau, et al.,*
               **Case No. 17-CV-6545 (DRH)(AKT) (E.D.N.Y.) and**
               *Fusco v. County of Nassau , et al.,*
               **Case No. 19-CV-04771 (DRH)(JMW) (E.D.N.Y.)**
               **Report on Discovery for Combined Matters**

Dear Hon. Wicks:

      The purpose of this letter is to apprise the Court of the current status of discovery in the matters of *Henry v. County of Nassau* and *Fusco v. County of Nassau*. On January 13, 2021, your Honor Ordered the two within matters to be joined for discovery purposes. (See Dkt. 58 Docket Text)

      I have had a meet and confer with Mr. Reissman and we have been unable to reach an accommodation. In sum the County produced certain discovery between June 8, 2018 and January 20, 2019. Both productions are in paper form. The first production is without Bates Numbers. Both productions are highly redacted and unusable to the Plaintiff. (See Motion to Compel Discovery Dkt. 62-1 and attachments thereto for examples).

      As this court is aware, there was a two and a half year delay in discovery as a result of the dismissal of the case and the successful appeal to reinstate the case. Upon review, Plaintiff can certify that in addition to the previous specific issues raised regarding Defendants lack of response to individual Interrogatories and Document Demands, some general issues can be addressed for the document production in *Henry* and *Fusco*.

- In both cases, Defendants document production must be updated to 2022. Plaintiff requests the entire production be redone without the redaction of the names, addresses and factual content. The new production should be (i) in electronic format, (ii) properly organized (iii) with Bates numbers, (iv) and updated to 2022 and (v) without redactions.

**Nassau County Police Department:**

1. Any and all documents related to **pistol license applications** without redaction, indicating the category of license requested from January 1, 2008 to date.

2. Any and all documents related to pistol license **renewals** including all backup documentation, investigators notes, and internal communications, without redaction from January 1, 2008 to date.

3. Any and all documents from the New York State Police Pistol Permit Section to the Nassau County Pistol Permit Section without redaction from January 1, 2008 to date including all notifications of Family court proceedings.

4. Any and all documents regarding the **suspension or revocation** of Nassau County pistol licenses with all backup documentation including but not limited to notice of suspension, internal investigation reports, escalation from pistol license section to Chief of P or higher, from January 1, 2008 to date.

5. Any and all **Notice of Pistol License Revocation**, without redaction from January 1, 2008 to date.

6. Any and all administrative appeals for reconsideration of a notice of suspension or revocation including the full report, without redaction from P.O. Todd or others from January 1, 2008 to date, including all decisions.

7. Any and all documents regarding any Article 78 actions brought against the county, regarding a judicial review of a decision to revoke a pistol license without redactions from January 1, 2008 to date, including a copy of all Notice of Petitions, Petitions and Opposing Papers and Court orders or settlement.

8. Any and all documents regarding pistol license applicants who were downgraded from a carry license to another form of license, without redaction from January 1, 2008 to date.

9. Any and all documents regarding pistol license voluntary suspension or revocation of a pistol license, without redaction from January 1, 2008 to date.

10. Any and all documents regarding collection of long arms from non-pistol license owners, without redaction from January 1, 2008 to date.

11. Any and all documents regarding return of or disposal of long arms without redaction from January 1, 2008 to date.

12. Any and all documents regarding destruction of long arms or handguns without redaction from January 1, 2008 to date.

13. Copies of all Nassau County policies in effect regarding to issuance and revocation of handgun licenses, without redaction January 1, 2008 to date.

14. Copies of all Nassau County policies in effect regarding confiscation of handguns and or long arms, without redaction January 1, 2008 to date.

**Nassau County Sheriff's Department**

1. Any and all copies of ex parte, temporary and full orders of protection from January 1, 2008 to present.

2. Any and all documents and information regarding Nassau County Sheriff's subpoena service on all Respondents in Nassau County, without redaction from January 1, 2008 to date.

3. Any and all records of all firearms that were confiscated by the Nassau County Sheriff.

4. Copies of all Nassau County policies in effect regarding to collection of handguns and or long arms without redaction January 1, 2008 to date.

**Review of *Henry* and *Fusco* Combined For Discovery:**

In *Henry v. County of Nassau,* the Second Circuit reversed the dismissal of the case under nearly identical Challenged Restrictions as in the Fusco case. (See *Henry v. Cty. of Nassau*, 6 F.4th 324 (2d Cir. 2021) at 9). The decision focused in part, on the lack of evidentiary basis for revocation of the pistol license of Henry by the County, stating:

> We reverse the district court's judgment, identifying error in its holding that Henry failed to state a claim for a violation of the Second Amendment. As an initial matter, the district court's scrutiny analysis was flawed **because the Second Amendment secures an individual right to keep and bear arms; accordingly, Henry was not required to allege a complete ban on firearm ownership for all residents of Nassau County to state a claim at the core of the Second Amendment**. But even assuming that intermediate scrutiny applies to Henry's claim, his complaint still states a claim for relief under the Second Amendment because the complaint plausibly alleges that the County did not have "substantial evidence" that Henry is a danger to the safety of others. *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo,* 804 F.3d 242 (2d Cir. 2015) (emphasis omitted). Because these allegations, accepted as true, would mean that the County's actions were not "substantially related" to the County's "interests in public safety and crime prevention," the complaint should not have been dismissed for failure to state a claim even if intermediate scrutiny applies. *Id.* at 261, 264.

*[Emphasis added]* *Henry v. Cty. of Nassau, 6 F.4th 324 (2d Cir. 2021)* at 3.

Thus, *Henry* stands for the proposition that for the first time in New York in a handgun case the Second Amendment secures an individual right to keep and bear arms, whereas prior case law held that a handgun was merely a privilege.

Also, in *Henry*, the Second Circuit spent a great deal of time discussing the facts of the dismissed Family court orders. *Henry v. Cty. of Nassau*, 6 F.4th 324 (2d Cir. 2021) at 3-5. Later, the court noted;

> As we discuss below, the complaint plausibly alleges that the evidence on which the County based its decisions was not reliable. Therefore, we cannot determine at this stage whether strict or intermediate scrutiny applies. Even assuming that intermediate scrutiny applies to Henry's claims, however, we conclude that Henry has stated a claim for a violation of the Second Amendment.

(*Henry v. Cty. of Nassau*, 6 F.4th 324 (2d Cir. 2021) at 6).

Plaintiffs are looking to the evidence upon which license are granted and denied or revoked and whether or not the County decisions were based upon reliable information, in *Henry, Fusco* and for other licensees. The redactions made in the Defendants' 2018 document productions makes it impossible to identify individuals by name. Often the address and pistol license number is

Hon. James M. Wicks U.S.M.J.<br>
January 27, 2022<br>
Page 5

omitted. Without this information we cannot connect the individuals to the facts, revocation letters or denials. As no Bates numbers are provided for reference, there is no way to connect the information. As the information is separated by the response to the interrogatory or document request, it is impossible to connect the information to the application or licensee.

      For example, in response to Document Demand #8, Defendants' produced Notice of Pistol License Revocation letters and copies of Order of Protections. (Annexed hereto as Exhibit 1). The Notice of Pistol License Revocation and the Order of Protection have the names redacted. There is no way to determine whether or the Order of Protection relates to the Notice of Pistol License Revocation.

      In Defendant's Response to Interrogatory #1 and Interrogatory #2, there are multiple redactions including the names of pistol license holders (Annexed hereto as Exhibit 2) Without having access to the name of the licensee or long arm owner, the Plaintiff cannot connect the document to any other documents that was produced such as an appeal decision.

      In sum, in order for the document production to be useful, and entirely new document production without redaction is required.

      The documents that were produced to the Plaintiff in 2018 in response to document demands are not in Bates numbering format. The only documents that were Bates numbered were Defendants' responses to interrogatories.

Very truly yours,

*/s/ Robert J. La Reddola*

Robert J. La Reddola

RJL/at

Enclosures