**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
Acting County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

May 12, 2022

<u>Via ECF</u>
Hon. James M. Wicks
United States District Court
100 Federal Plaza
Central Islip, New York 11722

> Re:  *Henry v. County of Nassau, et al.,*
>     Case No. 17-CV-6545 (DRH)(JMW) and
>     *Fusco v. County of Nassau , et al.,*
>     <u>Case No. 19-CV-04771 (DRH)(JMW)</u>

Dear Magistrate Judge Wicks:

This office represents defendants Nassau County Police Department and the Nassau County Sheriff's Department, and named individual employees thereof, in the two above referenced actions. The purpose of this letter is (1) to request a modification of defendants' discovery requirements  and (2) to request an extension of time to produce the balance of written discovery.

In both cases the plaintiffs claim violation of their civil rights arising from the Nassau County Police Department's and/or the Nassau County Sheriff's Department's confiscation and retention of their firearms after incidents of domestic violence. In *Henry*, in 2018 the Police Department produced tens of thousands of pages in discovery regarding the issuance, renewal, suspension and revocation of pistol licenses by the Police Department from 2008 to 2018. However, those documents were redacted to prevent the disclosure of personal information of the license applicants and license holders. Following a court conference with Your Honor, defendants agreed to re-produce these documents in unredacted form. I am presently working with the Police Department to re-produce the 2008-2018 documents without redactions  While the deadline for producing these documents is May 20, 2022, due to other pressing obligations, including a death in my family, I find that I will not be able to re-produce these documents by May 20, 2022, and respectfully request an extension to June 30, 2022 for this set of documents.

In addition to the 2008-2018 document demands, in both cases, plaintiffs' attorney, Robert La Reddola, Esq. served additional discovery demands covering 2019-2022. Specifically, Mr. La Reddola asked for production of pistol license applications, renewal requests, suspensions, revocations and written appeals for 2019 to 2022. The Police Department has advised me that for this period of time:

1) There were **<u>12,235</u>** applications between 2019 and present (**2246** in 2019, **4883** in 2020, **3865** is 2021, and **1241** YTD. Each application is at least ten (10) pages long.

2) There were **14,032** renewals between 2019 and present (**3281** in 2019, **3627** in 2020, **5361** in 2021, and **1763** YTD)

3) There were **520** suspensions between 2019 and present (**156** in 2019, **154** in 2020, **167** in 2021, and **53** YTD)

4) There were **53** revocations between 2019 and present (**31** in 2019, **12** in 2020, **7** in 2021, and **3** YTD)

5) There were **138** appeal decisions between 2014 and present (**9** in 2014, **20** in 2015, **26** in 2016, **34** in 2017, **24** in 2018, **15** in 2019, **5** in 2020, **6** in 2021, and **1** YTD)

Given the nature of plaintiffs' claims as to the suspension, revocation and appeals of confiscation of firearms, defendants contend that to produce that the 12,235 applications and 14,032 renewal applications is unduly burdensome and unnecessary. These two categories are not relevant to plaintiffs' claims of improper suspensions, revocations and appeals. Instead, discovery for 2019-2022 of records of suspensions, revocations and appeals is more germane to plaintiffs' claims, and will properly restrict discovery to relevant documents. The production of tens of thousands of pages of applications and renewals will not move this case forward in any way.

For these reasons, defendants respectfully request that the Court issue an order eliminating the need for defendants to produce the irrelevant tens of thousands of pages of applications and renewals, and restrict discovery for 2019-2022 to suspensions, revocations and appeals. In addition, defendant respectfully request that the time for re-production of the 2008-2018 documents be extended to June 30, 2022.

I have had several "meet and confer" sessions with Mr. La Reddola, who unsurprisingly did not agree to defendants' request to eliminate production of applications and renewals.

Thank you for your attention and consideration in this matter.

Respectfully submitted,

/s/  Ralph J. Reissman
RALPH J. REISSMAN

cc: (Via ECF) Robert La Reddola, Attorney for Plaintiffs