UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAMBERT HENRY,

                      Plaintiffs,

      -against-

COUNTY OF NASSAU and NASSAU
COUNTY POLICE DEPARTMENT, former
Acting Commissioner THOMAS KRUMPTER,
Commissioner PATRICK RYDER, Lieutenant
MARC TIMPANO, Sergeant ADAM FISCHER,
Deputy Sheriff STEPHEN TRIANO, Deputy
Sheriff JEFFERY KUCHEK, Deputy Sheriff
MARK SIMON, And Deputy Sheriff
JEFFREY TOSCANO,

                      Defendants.
-------------------------------------------------------------X

**ORDER**
17-CV-6545 (DRH) (JMW)

**Robert James La Reddola**
**Steven M. Lester**
La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 230
Garden City, NY 11530
*For Plaintiff*

**Ralph J. Reissman**
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
*For Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Lambert Henry commenced this action seeking monetary damages under 42 U.S.C. § 1983 for Defendants' alleged violation of his Second Amendment right to possess any firearm, including a pistol, rifle or shotgun, based upon Defendants' alleged policy or practice to deter ownership of all firearms, with the intention and effect of reducing pistol license

1

ownership. (DE 42.)[1] Before the Court is Defendants' request to modify previously agreed upon discovery requirements, and request for an extension of time to produce the balance of written discovery. (DE 79.) Plaintiff opposes Defendants' motion. (DE 80.) For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Defendants previously produced responses to Plaintiff's initial discovery demands, including tens of thousands of pages of documents regarding the issuance, renewal, suspension and revocation of pistol licenses by the Nassau County Police Department from 2008 to 2018. (DE 79.) Those documents were produced with redactions, and on June 28, 2019, Plaintiff moved to compel, among other items, unredacted copies of the documents. (DE 65.) While that motion remained pending, Defendants' motion to dismiss (DE 68) was granted (DE 69). Plaintiff appealed the decision granting dismissal of his claims (DE 71), and the Second Circuit reversed in part and affirmed in part the dismissal (DE 73). Thereafter, the undersigned held a Status Conference on December 13, 2021, whereat the pending discovery disputes were addressed, and the parties were directed to meet and confer and submit further position statements on the outstanding issues. (DE 77.) On January 27, 2022, Plaintiff submitted a status letter advising the Court that the remaining disputes centered on whether Plaintiff was entitled to unredacted documents, and Plaintiff's request that Defendants' document production be updated to include documents through 2022 (including pistol license applications, renewal requests, suspensions, revocations and written appeals). (DE 78.) On February 18, 2022, Defendants filed a letter (DE 59 in 19-CV-4771), advising the Court that Defendants "agreed to produce on behalf of the County a new document production responsive to plaintiffs' requests for documents in

---

[1] This case is on a consolidated discovery track with *Fusco v. County of Nassau, et al*. (Case No. 19-cv-4771.)

electronic form and without redactions.  We have agreed to limit the range of document production from March 2010 to date.  The County will produce documents as Bates numbered and organized in response to plaintiff's document demands." (*Id.*)  The undersigned then issued an Order, acknowledging the parties' resolution of the discovery dispute and directing the parties to complete the exchange of document discovery on or before May 22, 2022.  (Electronic Order dated Feb. 20, 2022.)

Now, Defendants seek the Court's permission to backtrack on their agreement and modify the discovery they agreed to produce for 2019-2022.  (DE 79.)  Specifically, Defendants had agreed to produce copies of pistol license applications, renewal requests, suspensions, revocations, and written appeals, yet now Defendants argue that producing documents for all categories is unduly burdensome and unnecessary.  (*Id.*)  Defendants seek to limit the 2019-2022 production to copies of suspensions, revocations and appeals.  (*Id.*)  Plaintiff opposes, arguing that each of the requested categories relates to the claims in the Third Amended Complaint, and that Defendants have already agreed to produce the discovery, which this Court ordered to be exchanged by May 22, 2022.  (DE 80.)

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery.  Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable

3

than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). This standard is applied more liberally during discovery than at trial. *Id.* Since December of 2015, "Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate. *Id.* (citation omitted).

Here, the discovery Plaintiff seeks, which Defendants have already agreed to produce, is relevant to Plaintiff's claims regarding the issuance of renewals of firearms licenses. Specifically, as Plaintiff points out in opposition (DE 80), Plaintiff's Third Amended Complaint asserts:

> 56. Upon information and belief, the County and the Police Department believe the possession of a pistol license to be a privilege.

4

> 57. Upon information and belief, the County and the Police Department make determinations on whether or not a pistol license should be granted, suspended or revoked under a standard of "proper cause" under New York Penal Law §400.00(2)(f).
>
> 58. Upon information and belief, the County and the Police Department make determinations on renewals of Nassau County Pistol Licenses without legal authority under Penal Law § 400.
>
> 59. Upon information and belief, the Police Department administers approximately 28,000 pistol licenses which renew every five years, or over 5,000 renewals a year.
>
> 60. Upon information and belief, renewals are the largest portion of the workload of the Police Department Pistol License Section.

(DE 42.) The Court finds that the requested categories (*i.e.*, pistol license applications, renewal request, suspensions, revocations and written appeals), are directly relevant to Plaintiff's claims as to the issuance and renewal of licenses under the County's "proper cause" standard, and Defendants' conclusive argument that application and renewal documents are not relevant is unpersuasive as Plaintiff's claims directly relate to the number of pistol licenses renewed each year. Moreover, Defendants' assertion that producing the applications and renewal applications (of which there are purportedly 12,235 and 14,032 respectively) is unduly burdensome and unnecessary, is also unpersuasive. Defendants do not provide any basis as to why production would be unduly burdensome or unnecessary. Indeed, Defendants' motion states that the Nassau County Police Department has advised Defense Counsel of exactly the number of documents for each category and the number of pages, which indicates that the documents have already been located and separated by category. Further, the parties have already agreed that Defendants will produce *unredacted* documents, so Defendants' bald claims that production would be unduly burdensome are ungrounded. Accordingly, the portion of Defendants' motion seeking leave to

limit the production of discovery that they previously agreed to provide and that this Court ordered to be produced, is denied. The portion of Defendants' motion seeking an extension of time until June 30, 2022 to produce the balance of written discovery, due to a death in Defense Counsel's family, is granted.

### III. CONCLUSION

For the reasons set forth herein, Defendants' motion to modify Defendants' discovery requirements is denied and Defendants are hereby directed to produce the discovery as the parties previously agreed, including: unredacted copies of pistol license applications, renewal requests, suspensions, revocations, and written appeals through 2022. The document disclosure, and all remaining document discovery shall be completed on or before June 30, 2022. The Status Conference scheduled for June 1, 2022 is hereby adjourned to July 11, 2022 at 9:30 AM.

Dated: Central Islip, New York
       May 31, 2022

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge