**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
Acting County Attorney

## COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

June 27, 2022

<u>Via ECF</u>
Hon. James M. Wicks
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Henry v. County of Nassau, et al.,*
              Case No. 17-CV-6545 (DRH)(JMW) and
              *Fusco v. County of Nassau , et al.,*
              <u>Case No. 19-CV-04771 (DRH)(JMW)</u>

Dear Magistrate Judge Wicks:

      This office represents defendants Nassau County Police Department, the Nassau County Sheriff's Department and named individual employees thereof in the two above referenced actions, in which discovery has been combined. Your Honor previously issued an order directing that defendants provide responses to plaintiff's written document demands by June 30, 2022. The purpose of this letter is to request an extension of time to produce the balance of written discovery.

      By letter to the Court dated January 27, 2022 [DE 78] plaintiff's attorney, Robert J. La Reddola, Esq. listed fourteen document demands to the Nassau County Police Department, and four demands to the Nassau County Sheriff's Department.  These demands cover Police Department and Sheriff's Department records pertaining to issuance, renewal and revocation of pistol licenses, and confiscation of firearms from 2008 to present.

      Defendants have worked in good faith to supply responses to plaintiff's demands. On June 20, 2022 defendants served unredacted and bates stamped document responses by email to Mr. La Reddola covering Police Department records for 2008-2018 for five of the fourteen demands. At present, the Police Department is in the process of gathering tens of thousands of pages of documents covering 2019 to present. Since the records are not digitized, this process requires selection and photocopying of the thousands of pages from over 350 storage units.

      The County Attorney's Office has assigned six interns to assist the Police Department in collecting and photocopying the documents. These documents will then have to scanned and bates stamped. Due to the volume and logistical problems involved in obtaining and producing the requested documents, defendants respectfully request an extension of time to August 26, 2022 to complete the discovery process for both the Police Department and the Sheriff's Department.

In addition, the parties would like to combine discovery in the *Henry* and *Fusco* cases with discovery in a similar case commenced by Mr. La Reddola, also involving revocation of a pistol license and confiscation of long guns, namely, *Davenport v. County of Nassau* 19-CV-05097 (FB)(RLM). Discovery in that case is scheduled to end by August 11, 2022 unless the parties settle the case.

I have had a "meet and confer" with Mr. La Reddola, who told me that he does not consent to the application to extend the discovery deadline.

Therefore, defendants respectfully request that the time for defendants to respond to document demands in *Henry* and *Fusco* be extended to August 26, 2022, and that Your Honor issue an order joining discovery in these two cases with discovery in the *Davenport* action.

Thank you for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN

cc: (Via ECF) Robert La Reddola, Attorney for Plaintiffs