

**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

July 12, 2022

<u>Via ECF</u>
Hon. James M. Wicks
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Henry v. County of Nassau, et al.,*
             Case No. 17-CV-6545 (GRB)(JMW) and
           *Fusco v. County of Nassau , et al.,*
           <u>Case No. 19-CV-04771 (ERK)(JMW)</u>

Dear Magistrate Judge Wicks:

    This office represents defendants, Nassau County Police Department, the Nassau County Sheriff's Department and named individual employees thereof, in the two above referenced actions, in which discovery has been combined. Defendants hereby respectfully move (1) to limit the scope of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality with respect to Pistol License Applications filed with the Nassau County Police Department for 2008-present and (2) for a protective order under Fed. R. Civ. P. 26(c)(1)(A) based the attorney-client privilege, and the deliberative process privilege, of the Findings & Recommendations of the Nassau County Police Department written in connection with the suspension or revocation of pistol licenses in Nassau County from 2008 to present.

    **Background.** As Your Honor is aware, through the Law Offices of La Reddola Lester & Associates LLP, plaintiffs Lambert Henry and Peter Fusco (collectively, "plaintiffs") commenced their respective actions alleging violations of their Second Amendment Right to Bear Arms, a *Monell* claim, a violation of Title VII of the Civil Rights Act of 1964, a claim for violation of 42 U.S.C. § 1981, and a claim for punitive damages, after their firearms were confiscated following incidents of domestic violence. In the course of discovery to date, defendants have produced tens of thousands of pages of documents and will continue to do so on a rolling basis This motion will address two issues which have arisen in the course of production.

    **1. Pistol License Applications**. As set forth in the January 27, 2022 letter of Robert j. La Reddola, Esq. [DE 78] plaintiffs demand production of "(1) Any and all documents related to pistol license applications without redaction, indicating the category of license from January 1, 2008 to date."

    The Pistol License application requires an applicant to complete a two-page questionnaire, plus provide voluminous supplemental materials, often 15-20 pages and, including for example (1) multiple character references, (2) employee history records, (3) court records, (4) utility bills, (4) letters explaining prior encounters with law enforcement, (5)

court records, (6) Department of Motor Vehicles abstracts, (7) armed forces records, (8) Orders of Protection, (9) medical drug prescriptions, (10) passport photographs and (11) driver's licenses. As of this writing defendants have produced 2.353 two-page questionnaires to plaintiffs' attorneys, containing all of applicants' names, addresses, employment history, the names of four character references, and the type of license applied for. Defendants are in the process of producing thousands more applications.

Defendants respectfully move under Fed. R. Civ. P. 26(b)(1) to limit production of the applications to the primary two-page questionnaire without being compelled to produce hundreds of thousands of pages of the additional materials submitted by the applicants.

Rule 26(b)(1) provides: (b) Discovery Scope and Limits.

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Defendants submit that the additional materials submitted by applicants beyond the two-page questionnaire are not proportional to the needs of this case, would be unduly burdensome and expensive to produce (including thousands of hours of manpower), and the proposed discovery outweighs its likely benefit.

As Mr. La Reddola has stated many times, plaintiffs' key claim is that the Nassau County Police Department, through its Pistol License Section, maintains an unconstitutional policy of suppressing the number of pistol licenses in Nassau County. The question of the number of applications submitted to the Pistol License Section is fully satisfied by defendants' production of the questionnaires which, again, contain all of applicants' names, addresses, employment history, the names of four character references, and the type of license applied for as requested in plaintiffs' Demand No. 1.

Plaintiffs do not need to see the hundreds of thousands of pages of additional information, i.e. character references, employee history records, court records, utility bills, letters explaining prior encounters with law enforcement, court records, Department of Motor Vehicles abstracts, armed forces records, Orders of Protection, medical drug prescriptions, passport photographs and driver's licenses, to support their claim of an alleged unconstitutional policy. It would be unduly burdensome and expensive, in terms of the human effort required to produce these hundreds of thousands of pages, and there simply is no likely benefit to plaintiffs if these materials were produced.

"Discovery rules should be broadly interpreted to achieve their purposes." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985). The purposes of discovery include "avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp.*, 756 F.2d at 236. The burden of demonstrating relevance falls on the party seeking discovery. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10-CV-1676 (GBD) (JCF), 2011 U.S. Dist. LEXIS 44756, 2011 WL 1642377, at *3 (S.D.N.Y. Apr. 25, 2011).

In deciding discovery matters, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court has "broad discretion" in determining relevance for discovery purposes. *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 U.S. Dist. LEXIS 60057, 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). Under the Federal Rules of Civil Procedure, relevance must be " ' construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 U.S. Dist. LEXIS 162164, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

In this case, as explained above, the burden and expense of forcing defendants to produce the hundreds of thousands of pages of the additional information submitted by pistol license applicants, outweighs the likely benefit to plaintiffs' cases. Plaintiffs do not need the additional information to support their claim of an unconstitutional policy. Therefore, the Court should grant defendants' motion to limit their response to Demand No. 1 to the two-page questionnaires, and not compel defendants to produce the additional materials.

**2. Findings & Recommendations**. In Demand No. 6 of his January 27, 2022 letter [DE 78] plaintiffs' counsel demands production of "Any and all administrative appeals for reconsideration of a notice of suspension or revocation including the full report, without redaction, from P.O. Todd or others from January 1, 2008 to date, including all decisions." On June 28, 2022 defendants served 127 pages containing the Final Determinations of the Police Commissioner as to appeals of the suspension or revocation of pistol licenses, without including the Findings & Recommendations of the appeals officer. Defendants move for a protective order under the attorney-client privilege, and also the deliberative process privilege, to prevent disclosure of these Findings & Recommendations.

Mr. Todd is not a police officer. Rather, he is an attorney admitted to practice in New York State.  He serves the Nassau County Police Department as Deputy Chief of the Legal Bureau and as Appeals Officer for the Pistol License Section, which regulates the issuance of handgun licenses.  The Pistol License Section also investigates confiscation of longarms from private owners. Mr. Todd, after reviewing the Pistol License Section's investigation, issues a legal memorandum entitled "Findings & Recommendation" to assist the Police Commissioner

in making a final determination whether confiscated handguns and/or longarms should be returned to the owner. Mr. Todd thus serves as an attorney for the Police Department, and his Findings & Recommendations are protected from disclosure by the attorney-client privilege.

In the Second Circuit, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. D.O.J.*, 697 F.3d 184, 207 (2d Cir. 2012); *see Tower 570 Co. LP v. Affiliated FM Ins. Co*, No. 20-CV-0799 (JMF), 2021 U.S. Dist. LEXIS 63955, at *4 (S.D.N.Y. Apr. 1, 2021); *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 526-31 (S.D.N.Y. 2015). Mr. Todd is the attorney for the Police Commissioner. The Findings and Recommendation memoranda are legal recommendations to the Commissioner regarding whether a legal basis exists to return, suspend or revoke a pistol license and other firearms within Nassau County.

The Findings & Recommendations are also the product of the deliberative process. *See E.B. v. NYC Board of Education*, 233 FRD 289, 292 (E.D.N.Y. 2005), in which the court explained, "To qualify for protection under the deliberative process privilege, a document must be both "pre-decisional" and "deliberative." A document is pre-decisional "when it is prepared *in order to assist an agency decisionmaker* in arriving at his decision." The privilege protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." (emphasis added). The requested Findings & Recommendations regarding individuals other than plaintiffs in this case are therefore protected from disclosure under the attorney-client and deliberative process privileges.

Today I had a "meet and confer" with Mr. La Reddola, who told me that he does not consent to defendants' two motions as set forth above.

Conclusion. For the foregoing reasons, defendants respectfully request that the Court issue an order granting their motions (1) to limit the scope of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality with respect to Pistol License Applications filed with the Nassau County Police Department for 2008-present and (2) for a protective order under Fed. R. Civ. P. 26(c)(1)(A) based the attorney-client privilege, and the deliberative process privilege, of the Findings & Recommendations of the Nassau County Police Department written in connection with the suspension or revocation of pistol licenses in Nassau County from 2008 to present.

Thank you for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN

cc: (Via ECF) Robert La Reddola, Attorney for Plaintiffs