

Steven M. Lester
Robert J. La Reddola

rjl@llalawfirm.com
NYC Office (by appointment only):
46 Trinity Place, #1, New York, New York 10006
(646) 415-8171

July 18, 2022

*Via ECF*
Hon. James M. Wicks
United States District Court
100 Federal Plaza
Central Islip, New York 11722

>   Re: Henry v. County of Nassau, et al.,
>   Case No. 17-CV-6545 (GRB)(JMW) and
>   Fusco v. County of Nassau, et al.,
>   Case No. 19-CV-04771 (ERK)(JMW)

Dear Magistrate Judge Wicks:

      This office represents plaintiffs, Lambert Henry and Peter Fusco in the two above referenced actions, which discovery has been combined. Plaintiffs oppose defendants' motion for a protective order whereby defendants seek again to (1) to limit the scope of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality in the production of the complete Pistol License Application and (2) for a protective order under Fed. R. Civ. P. 26(c)(1)(A) based the attorney-client privilege, and the deliberative process privilege, of the Findings & Recommendations of the Nassau County Police Department written in connection with the suspension or revocation of pistol licenses in Nassau County from 2008 to present. The County continues to alternate between the *Henry* case and the *Fusco* case on the same issue, production of the pistol license applications. (See *Henry* Dkt. 78) This motion was resolved as "settled", and your Honor Ordered:

02/22/2022    ORDER: In light of Defendants' letter (filed in 19-cv-4771 as DE#59) regarding the parties' resolution of the outstanding discovery dispute, the parties shall complete exchange of document discovery on or before May 22, 2022.

(See *Henry v. County of Nassau*)

      The County now makes the same motion on the *Fusco* Docket hoping for a different result. The granting, denial, renewal, downgrade, and revocation of pistol licenses by the County of Nassau remain central to the *Henry* and *Fusco* cases, even post *New York State*

1

*Rifle & Pistol Assoc. v. Bruen.* If the supporting documents were so critical to the deliberative process as to be necessary to be filed by the applicants, the Court should consider equally necessary to the deliberative process of the Pistol License Issuing Officer. Moreover, we cannot let the County pick and choose which documents it will produce and which will be eliminated.

Initial Discovery Demands in the *Henry* case were served upon the County on March 2, 2018 (2:17-cv-06545 GRB-JMW Dkt. 24)("*Henry*-Dkt. 24" hereafter) and on January 15, 2020, in *Fusco*. (See Dkts. 2:19-cv-04771-EK-JMW Dkt.-30) ("*Fusco*-Dkt. 30"). Each case has now had multiple motions by the County to limit document production.

Formal Motion practice on the document production took place resolved in *Henry* Dkt. 59, by the County representing on February 18, 2022, that the formal motion had been settled as follows;

> … As the result of our meet and confer, the County has agreed to produce on behalf of the County a new document production responsive to plaintiffs' requests for documents in electronic form and without redactions. We have agreed to limit the range of document production from March 2010 to date. The County will produce documents as Bates numbered and organized in response to plaintiff's document demands.

(*Henry* Dkt. 59)

This of course did not happen. Once again, the County's moved on May 12, 2022, in Henry to attempt to limit the production of pistol license applications claiming that the production would be unduly burdensome. ("*Henry*-Dkt. 60") The opposition to the motion discussed the claims in *Henry* and *Fusco* which are directly related to the pistol license applications and the resultant to decision to grant or deny the applications. ("*Henry*-Dkt. 61") The County's Motion was again denied in *Henry* -Dkt. 62. The County now tries the same motion in Fusco.

**Pistol License Applications in Light of Second Circuit Decision in**
**Henry v. County of Nassau, 6 F.4th 324 (2d Cir. 2021)**

In *Henry v. County of Nassau*, the Second Circuit reversed the dismissal of the case. (See *Henry v. Cty. of Nassau*, 6 F.4th 324 (2d Cir. 2021) at 9). The decision focused in part, on the lack of evidentiary basis for revocation of the pistol license stating:

> As we discuss below, the complaint plausibly alleges that ***the evidence on which the County based its decisions was not reliable***. Therefore, we cannot determine at this stage whether strict or intermediate scrutiny applies. Even assuming that intermediate scrutiny applies to Henry's claims, however, we conclude that Henry has stated a claim for a violation of the Second Amendment.

2

>   (Emphasis added; *Henry v. Cty. of Nassau*, 6 F.4th 324 (2d Cir. 2021) at 6).

Family Court Orders, supportive letter, explanations of minor criminal offenses or traffic offenses are all of the sorts of documents and explanations which would be a part of the application being sought. Plaintiffs are looking to the evidence upon which license are granted and denied or revoked and whether or not the County decisions were based upon reliable information, in *Henry, Fusco* and for other licensees. Complete applications are clearly relevant under Rule 26(b)(1).

Defendants insist that the additional material submitted by the applicant beyond the two-page questionnaire is "not proportional to the needs of this case, unduly burdensome and expensive to produce (including the amount of manpower) different than already addressed in Henry Dkt. 82 or your Honor's 02/20/2022 Order".

But Defendants do not provide any information how this motion is different and would result in a defend way than already addressed. It appears the information is collected. It need not be redacted anymore under the confidentially agreement, thus the County's argument is actually less credible than before. All that is left is to Bates number the records, a minor task.

Defendant argument that these are likely of no benefit to plaintiffs if produced reverses the burden. The Second Circuit and this action challenge the decision making of the County. The burden of demonstrating relevance falls on the party seeking discovery. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10-CV1676 (GBD) (JCF), 2011 U.S. Dist. LEXIS 44756, 2011 WL 1642377, at *3 (S.D.N.Y. Apr. 25, 2011). "The importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This was done in Henry -Dkt. 78.

**The Deliberative Process Of the Police Department
Under the Proper Cause Standard Is Central To This Case**

Despite the Supreme Court's decision in *Bruen*, the County is stubbornly proceeding with *Fusco* and *Henry*. Plaintiff's Demand No. 6 in its January 27, 2022, letter demands production of "Any and all administrative appeals for reconsideration of a notice of suspension or revocation including the full report, without redaction, from P.O. Todd or others from January 1, 2008, to date, including all decisions." On June 28, 2022, defendants served 127 pages containing ONLY the Final Determinations of the Police Commissioner as to appeals of the suspension or revocation of pistol licenses, without including the Findings & Recommendations of the appeals officer. Thus, deliberative material is already being produced.

The Court must determine whether the privilege should be overridden when the need for access to certain information outweighs the regulatory interest in preventing

disclosure. That has already occurred in this case. See *In Re Franklin Nat'l Bank Sec. Litig., 478 F. Supp. at 582-83: see also United States v. Nixon*, 418 U.S. 683, 712 (1974) (suggesting that occasional disclosure of recommendations and advice will not by itself have a devastating effect on advisors' willingness to speak freely in the future). That is, the court must weigh "the government['s] interest in confidentiality" against "the needs of the adversary litigant for the information, the societal interest in 'accurate judicial fact finding,' and, in some cases, the public interest 'in opening for scrutiny the government's decision-making process.'" *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 232 (S.D.N.Y. 1987) (quoting *In Re Franklin Nat'l Bank Sec. Litig.*, 478 F. Supp. at 582). *Kennedy v. City of New York*, No. 05 CV 246 (BMC), 2006 WL 8439096, at *4 (E.D.N.Y. Oct. 16, 2006), *aff'd,* No. CV050246BMCCLP, 2006 WL 8439095 (E.D.N.Y. Dec. 7, 2006). However, a final factor considered in the waiver analysis is the overreaching issue of fairness. This factor focuses on "'whether the act of restoring immunity to an inadvertently disclosed document would be unfair, not whether the privilege itself deprives parties of pertinent information.'" Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1997 WL 736726, at *7.

Defendant's counsel asserts that the information sought is pre-decisional and protected both by the attorney client privilege and the deliberative process but it is the very deliberative process that the Second Circuit questioned in *Henry*.

**Conclusion**. For the foregoing reasons, plaintiffs respectfully request that the Court issue an order denying defendants motions as to (1) to limit the scope of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality with respect to Pistol License Applications filed with the Nassau County Police Department for 2008-present and (2) deny for a protective order under Fed. R. Civ. P. 26(c)(1)(A) based the attorney-client privilege, and the deliberative process privilege, of the Findings & Recommendations of the Nassau County Police Department written in connection with the suspension or revocation of pistol licenses in Nassau County from 2008 to present.

Thank you for your attention and consideration in this matter.

        Respectfully submitted,

        /s/ *Robert J. La Reddola*
        Robert J. La Reddola

cc: (Via ECF) Ralph J. Reissman, Attorney for Defendants