UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAMBERT HENRY,

                        Plaintiff,

              -against-

COUNTY OF NASSAU and NASSAU
COUNTY POLICE DEPARTMENT, former
Acting Commissioner THOMAS KRUMPTER,
Commissioner PATRICK RYDER, Lieutenant
MARC TIMPANO, Sergeant ADAM FISCHER,
Deputy Sheriff STEPHEN TRIANO, Deputy
Sheriff JEFFERY KUCHEK, Deputy Sheriff
MARK SIMON, And Deputy Sheriff
JEFFREY TOSCANO,

                     Defendants.
-------------------------------------------------------------X
              *-and-*
-------------------------------------------------------------X
PETER FUSCO,

                        Plaintiff,

              -against-

COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY POLICE COMMISSIONER
PATRICK RYDER, CHRISTOPHER V. TODD,
ESQ., individually and in his official capacity, "JOHN
DOE #1 - 3", individually and in his official capacity,
"JANE DOE # 1 - 3", individually and in her official
capacity, the last three names being fictitious and
unknown to the plaintiff, but intended to designate
parties with an interest and knowledge of in the facts
herein,

                     Defendants.
-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

17-CV-6545 (GRB) (JMW)

19-CV-4771 (EK) (JMW)

1

**A P P E A R A N C E S:**

**Robert James La Reddola, Esq.**
**Steven M. Lester**
La Reddola, Lester & Associates, LLP
600 Old Country Road, Suite 230
Garden City, NY 11530
*For Plaintiff*

**Ralph J. Reissman, Esq.**
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
*For Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Lambert Henry commenced his action (17-cv-6545) seeking monetary damages under 42 U.S.C. § 1983[1] for Defendants' alleged violation of his Second Amendment right to possess any firearm, including a pistol, rifle or shotgun, based upon Defendants' alleged policy or practice to deter ownership of all firearms, with the intention and effect of reducing pistol license ownership.  (DE 42 (17-cv-6545).)  Similarly, Plaintiff Peter Fusco commenced his action two years later (19-cv-4771) seeking monetary damages under 42 U.S.C. § 1983 for Defendants' alleged violations of his Second and Fourteenth Amendment rights relating to the revocation of his handgun license and subsequent loss of firearms rights per the Nassau County Police Department.  (DE 25 (19-cv-4771).)

These two actions, both alleging Second Amendment violations, are on a joint coordinated discovery track.  Together they present the latest pre-trial discovery kerfuffle, namely, (1) the scope of proportionality with respect to production of pistol license applications filed with the Nassau County Police Department for 2008-present and, (2) the applicability of the

---

[1] Plaintiff's other claims regarding alleged violations of Title VII of the Civil Rights Act of 1964 §§ 200e, et. seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, based upon race, ethnicity and national origin, were dismissed.  *Henry v. County of Nassau*, 6 F.4th 324 (2d Cir. 2021).

attorney-client and deliberative process privileges regarding certain "Findings and Recommendations" of the Nassau County Police Department.  (DE 85 (17-cv-6545); DE 65 (19-cv-4771).)  Plaintiffs oppose Defendants' motions for a protective order.  (DE 86 (17-cv-6545); DE 66 (19-cv-4771).) [2]

For the reasons that follow, Defendants' motions are denied in part, and decision deferred in part, pending review of the subject documents for an *in camera* inspection.

## I.      BACKGROUND

Before the cases were joined for discovery, Defendants produced responses to Plaintiff's initial discovery demands in the *Henry* matter, including tens of thousands of pages of documents regarding the issuance, renewal, suspension and revocation of pistol licenses by the Nassau County Police Department from 2008 to 2018.  (DE 60.)  Those documents were produced with redactions, and on June 28, 2019, Plaintiff moved to compel, among other items, unredacted copies of the documents produced.  (DE 65.)   While that motion remained pending, Defendants' motion to dismiss (DE 68) was granted (DE 69).  Plaintiff appealed the decision granting dismissal of his claims (DE 71), and the Second Circuit reversed in part and affirmed in part the dismissal, as discussed in further detail below (DE 73).  Thereafter, the undersigned held a Status Conference on December 13, 2021, whereat the pending discovery disputes were addressed, and the parties were directed to meet and confer and submit further position statements on the outstanding issues.  (DE 77.)  On January 13, 2022, the undersigned held a motion hearing in the *Fusco* matter, regarding Defendants' motion to stay (DE 56) pending their motion to dismiss (DE 53; DE 58).  The Court thereafter denied Defendants' motion to stay and

[2] Citations to Defendants' motions and Plaintiffs' opposition will hereafter be cited in accordance with the *Henry* matter (DE 85 and DE 86 respectively), as the motion and opposition in both *Henry* and *Fusco* are identical.

consolidated this case with the *Henry* case for discovery purposes.  (DE 58; Electronic Order dated Jan. 13, 2022.)

On January 27, 2022, Plaintiff submitted a status letter in the *Henry* matter, advising the Court that the remaining disputes centered on whether Plaintiff was entitled to unredacted documents, and Plaintiff's request that Defendants' document production be updated to include documents through 2022 (including pistol license applications, renewal requests, suspensions, revocations and written appeals).  (DE 78.)  On February 18, 2022, Defendants filed a letter (DE 59), advising the Court that Defendants "agreed to produce on behalf of the County a new document production responsive to plaintiffs' requests for documents in electronic form and without redactions.  We have agreed to limit the range of document production from March 2010 to date.  The County will produce documents as Bates numbered and organized in response to plaintiff's document demands."  (*Id.*)  The undersigned then issued an Order, acknowledging the parties' resolution of the discovery dispute and directing the parties to complete the exchange of document discovery on or before May 22, 2022.  (Electronic Order dated Feb. 20, 2022.)

Defendants then sought to modify the discovery they had agreed to produce for 2019-2022.  (DE 79 in 17-cv-6545; DE 60 in 19-cv-4771.)  Although Defendants had expressly agreed to produce copies of pistol license applications, renewal requests, suspensions, revocations, and written appeals, they subsequently filed a motion arguing that producing documents for all categories was unduly burdensome and unnecessary.  (*Id.*)  Defendants sought to limit the 2019-2022 production to suspensions, revocations and appeals.  (*Id.*)  The Court agreed with Plaintiffs, finding that each of the requested categories related to the claims in the Amended Complaint and Third Amended Complaint, and that Defendants had already agreed to produce the discovery.  (DE 82; DE 62.)  The Court ordered the discovery production to be completed on or before June

20, 2022 and upon a request for an extension, the deadline was extended to August 11, 2022 –

for both matters.  (*Id.*; DE 83; DE 84 and DE 63; DE 64.)  This next round of motions was filed

on July 12, 2022 (DE 85; DE 65) and opposition was filed on July 18, 2022 (DE 86; DE 66).

## II.    DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery.  Pursuant

to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action.'"  *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y.

Feb. 16, 2016) (quoting Fed. R. Evid. 401).  This standard is applied more liberally during

discovery than at trial.  *Id.*  Since December of 2015, "Rule 26 now defines the scope of discovery

to consist of information that is relevant to the parties' 'claims and defenses.'"  *Pothen v. Stony*

*Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).

"Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter

involved in the action' has been eliminated," and permissible discovery under Rule 26 must be

relevant "to any party's claim or defense," and that means "proportional to the needs of the case."

*Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  Proportionality goes "hand-in-hand" with relevance.

*New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29,

2020).  That is, the more relevant the information sought is, the less likely a Court would find the

subject discovery disproportionate.  *Id.*  (citation omitted).

Rule 26(c) affords protections for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause.").  The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005).  "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55.  "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590(KAM)(JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

Defendants now move to limit the scope of discovery regarding pistol license applications filed with the Nassau County Police Department from 2008 to the present, based on proportionality.  (DE 85.)  Specifically, Defendants argue that they should only be required to produce the portion of the pistol license applications containing the two-page questionnaire, and not the supplemental materials that include character references, employee history records, court records, utility bills, letters explaining prior encounters with law enforcement, court records,

Department of Motor Vehicle abstracts, armed forces records, Orders of Protection, medical drug prescriptions, passport photographs, and driver's licenses.  (*Id.*)  Defendants assert that the supplemental materials often consist of 15-20 pages and that such material is not proportional to the needs of these two cases and, accordingly, would be unduly burdensome and expensive to produce.  (*Id.*)  Defendants also argue that Plaintiffs' claims pertain to the Nassau County Police Department maintaining an unconstitutional policy of suppressing the "number" of pistol licenses, so the supplemental portions of the applications are not relevant to the *number* of applications submitted.  (*Id.*)

Plaintiffs, on the other hand, argue that Defendants are attempting to simply re-argue a motion that was already made, considered and denied.  (DE 86.)  Further, Plaintiffs argue that the supplemental application materials are precisely the type of materials that are relevant when looking to which license applications are granted, denied, or revoked and whether the County's decisions were based upon reliable information.  (*Id.*)

Although Plaintiffs are correct that Defendants did previously move to limit the scope of the Court-ordered discovery at issue, the subject of that motion was not the same as presented here.  In the prior motion, Defendants sought to limit the 2019-2022 production of pistol license applications, renewal requests, suspensions, revocations, and written appeals to include only the copies of suspensions, revocations, and appeals.  (DE 79.)  That motion was denied, as they had already expressly agreed to produce the discovery, and because the Court found that the discovery was relevant to Plaintiffs' claims regarding the issuance of renewals of firearms licenses.  (DE 82.)

Here, Defendants focus on the content of the pistol license applications and seek to limit the production to only a portion of each application.  Nonetheless, the Court finds that the

discovery sought here is both relevant and proportional to the needs of each case.  The Second

Circuit's reversal, in part, of the dismissal of the *Henry* matter (*Henry v. County of Nassau*, 6

F.4th 324 (2d Cir. 2021)), guides this conclusion.

In *Henry,* the Second Circuit focused on the evidentiary basis for the revocation of pistol

licenses, as Plaintiff Henry alleges.  The crux of the case is that Defendants prohibited him from

owning firearms after an *ex parte* order of protection had expired, without any justification.  In

reversing the District Court's dismissal of Plaintiff's case, the Second Circuit held that whether

strict or intermediate scrutiny applies in this matter depends on determining whether Plaintiff has

stated a claim at the "core" of the Second Amendment.  *Henry*, 6 F.4th at 333.  Such a finding

hinges on "whether there is a reliable basis for concluding that Henry is not law-abiding and

responsible."  *Id.*  The Court further held that "the complaint plausibly alleges that the evidence

on which the County based its decisions was not reliable."  *Id.*  At bottom, the Second Circuit

raised serious questions surrounding the bona fides of the Defendants' inquiry and investigation

as to whether substantial evidence existed to "support[] a finding that Henry was too dangerous

to possess firearms." *Id.* at 334.

Plaintiff's claims in the *Fusco* matter mirror those in the *Henry* matter (*see generally* DE

25, alleging that Nassau County's policy is intended to reduce the total number of pistol licenses

and firearm ownership within Nassau County, by discouraging, limiting and deterring legal

ownership of handguns and by decreasing licenses issued by Nassau County).  Accordingly, it is

apparent that what Defendants refer to as "supplemental" portions of the pistol license

applications are indeed both relevant and proportional to Plaintiffs' claims in each case.

Defendants' additional arguments that the production would be unduly burdensome and

that they have already produced thousands of pages of responsive documents, is simply not

persuasive.  *See Acorn v. Cnty. of Nassau*, No. CV 05-2301(JFB)(WDW), 2008 WL 708551, at

*2 (E.D.N.Y. Mar. 14, 2008) ("The volume of documents already produced has no bearing on

whether these particular documents must also be produced.").  Furthermore, the County

previously agreed to provide the documents in electronic form without redactions,[3] Bates

numbered and organized in response to plaintiff's document demands.  (DE 59 (19-cv-4771).)

Accordingly, Defendants' motion to limit the scope of disclosure of the pistol license

applications is denied.

### Deliberative Process Privilege and Attorney-Client Privilege

"[T]he deliberative process privilege shields from disclosure documents reflecting

advisory opinions, recommendations and deliberations comprising part of a process by which

governmental decisions . . . are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, ___

U.S. ___, 141 S. Ct. 777, 785 (2021) (internal quotation and citation omitted).  "The privilege is

rooted in the obvious realization that officials will not communicate candidly among themselves

if each remark is a potential item of discovery and front-page news." *Id.* (internal quotation and

citation omitted).  "Documents are 'predecisional' if they were generated before the agency's

final decision on the matter, and they are 'deliberative' if they were prepared to help the agency

formulate its position." *Id.* (internal quotation omitted); *see also Mermlstein v. United States

Dep't of Just., Fed. Bureau of Investigation*, No. 19-CV-00312 (GRB)(JMW), 2021 WL

3455314, at *8 (E.D.N.Y. Aug. 4, 2021) (finding that deliberative process privilege covers "a

number of materials, including 'recommendations . . .  and other subjective documents which

reflect the personal opinions of the writer rather than the policy of the agency,' as well as

'advisory opinions, recommendations and deliberations comprising part of a process by which

---

[3] The parties have entered into Confidentiality Stipulations in each case.  (DE 23; DE 45.)

governmental decisions and policies are formulated.'") (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).  "The privilege does not, as a general matter, extend to purely factual material." *Hopkins v. U.S. Dep't of Hous. & Urb. Dev.*, 929 F.2d 81, 85 (2d Cir. 1991) (citation omitted).  The agency "must provide precise and certain reasons for preserving the confidentiality of the information." *Martin v. New York City Transit Auth.*, 148 F.R.D. 56, 59 (E.D.N.Y. 1993) (internal quotation and citation omitted).  The agency must also "demonstrate why disclosure of the documents would harm the agency." *Mermerlstein*, 2021 WL 3455314, at *9.

     "Even when the requisite showing has been made, the privilege is a qualified one which may be overcome upon a showing that the adverse party's need for disclosure outweighs the agency's interest in confidentiality." *Herman v. Crescent Publ'g Grp., Inc.*, No. 00 Civ. 1665 SAS., 2000 WL 1371311, at *3 (S.D.N.Y. Sep. 21, 2000).  Courts consider whether the government's interest in confidentiality is outweighed by "the needs of the adversary litigant for the information, the societal interest in accurate judicial fact finding, and, in some cases, the public interest in opening for scrutiny the government's decision making process." *Burke v. NY.C. Police Dept.*, 115 F.R.D. 220, 232 (S.D.N.Y. 1987) (internal quotation marks and citation omitted).  Documents lose their predecisional and deliberative character when an agency expressly adopts a memorandum or incorporates a memorandum by reference. *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 356 (2d Cir. 2005) (citation omitted).  Additionally, "[t]he privilege . . .  may be inapplicable where the deliberations are among the central issues in the case." *Burbar v. Inc. Vill. of Garden City*, 303 F.R.D. 9, 13 (E.D.N.Y. Sept. 22, 2014) (alterations added) (citing among others, *Conte v. County of Nassau*, No. CV 06-4746(JFB)(ETB), 2009 WL 1362784, at *4 (E.D.N.Y. May 5, 2009) ("[W]here the deliberations

10

of government are genuinely at issue, privileges designed to shield the deliberative process from public scrutiny may not be raised as a bar against disclosure[.]") (alterations added) (internal quotation marks and citation omitted); *Ebbert v. Nassau Cnty.*, No. CV 05-5445(FB)(AKT), 2007 WL 674725, at *11 (E.D.N.Y. Mar. 5, 2007) ("[W]hen the subject of the lawsuit is the very nature of the decision-making process, the privilege should not foreclose the production of critical information.") (internal quotation marks and citation omitted)).

The attorney-client privilege protects confidential communications between a client and counsel made for the predominant purpose of obtaining, or providing, legal advice.  *In re Erie*, 473 F. 3d 413, 418 (2d Cir. 2007).  In addition to individuals and corporations, "government agencies also may rely upon [the privilege]." *Herman*, 2000 WL 1371311, at *1. "Like the deliberative process privilege, the attorney-client privilege may not be invoked to protect a document adopted as, or incorporated by reference into, an agency's policy." *Nat'l Council of La Raza*, 411 F.3d at 360.

The subject of Defendants' motion invoking the deliberative process privilege and attorney-client privilege pertains to Demand No. 6 of Plaintiff's January 27, 2022 letter (DE 85 citing DE 78):  *"Any and all administrative appeals for reconsideration of a notice of suspension or revocation including the full report, without redaction from P.O. Todd or others from January 1, 2008 to date, including all decisions."*  Defendants state that they produced 127 pages containing Final Determinations of the Police Commissioner as to appeals of the suspension or revocation of pistol licenses.  However, that production did not include the Findings & Recommendations of the appeals officer.  (DE 85.)

So what is the "Findings & Recommendations" of the appeals officer?  According to Defendants, after reviewing the Pistol License Sections' investigations regarding longarm

confiscations, Mr. Todd then issues a legal memorandum entitled "Findings & Recommendations" to assist the Police Commissioner in making a final determination whether the confiscated handguns/longarms should be returned to the owner. (*Id.*) Defendants argue that the Findings & Recommendations are protected under the attorney-client privilege because Mr. Todd is an attorney serving as Deputy Chief of the Legal Bureau and Appeals Officer for the Pistol License Section. (*Id.*) Defendants further argue that Mr. Todd's Findings & Recommendations are communications protected by the deliberative process privilege as they are "predecisional" and "deliberative." (*Id.* (citing *E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 292 (E.D.N.Y. 2005).) Plaintiffs argue that the subject information is the exact deliberative process that the Second Circuit questioned in *Henry*, *supra*, and thus, the need for the information outweighs the government's interest in confidentiality. (DE 86.) Plaintiffs do not squarely address Defendants' assertion of the attorney-client privilege.

Here, based solely on the parties' submissions, and without the benefit of reviewing the "Findings & Recommendations," the Court cannot determine whether the documents are protected by either privilege. Without more, the very title of the document itself raises serious questions as "findings" by definition are arguably conclusive as opposed to predecisional. Indeed, Black's Law Dictionary defines "find" as "[t]o determine a fact in dispute by verdict or decision . . . ." *Black's Law Dictionary* (11th ed. 2019). Without the benefit of reviewing the withheld materials, the Court is left to speculate whether the deliberative process privilege actually applies, and even if it does, whether that interest in confidentiality is outweighed by Plaintiffs' need for the information. Courts faced with making such determinations regularly perform *in camera* reviews of the subject documents. *See Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 351 (E.D.N.Y. 2009) ("[T]he Court ruled, in its discretion,

12

that it would review the two documents *in camera*" even after defendants submitted a supplemental affidavit setting forth more detail as to their basis for nondisclosure of documents); *Burbar*, 303 F.R.D. at 11 (Noting that prior to issuing an Order on Plaintiff's motion to compel Defendants to produce certain documents that Defendants claimed to be protected by the deliberative process and work product privileges, the Court directed Defendants to submit the documents for an *in camera* review); *E.B.*, 233 F.R.D. at 291 (same); *Conte*, 2009 WL 1362784, at *4 (E.D.N.Y. May 5, 2009) ("[W]hen a court is not able to resolve to its own satisfaction an agency's determination to withhold documents, it may . . . conduct an *in camera* review.") (citing *ACLU v. DOD*, 389 F. Supp. 2d 547, 567 (S.D.N.Y. 2005)).

Accordingly, in order for the Court to adequately assess whether the subject documents are entitled to protection from disclosure based on the asserted privileges, an *in camera* review is warranted. Until the Court has had the opportunity to review the documents in dispute, including what the "findings" and "recommendations" consist of, and the identity of who prepared specific portions, it would be premature to determine whether they are privileged or not. *See Nat'l Council of La Raza*, 411 F.3d at 360 ("[I]t is clear that the purpose of the privilege is not to protect communications which are statements of policy and interpretations adopted by the agency.") (quoting *Falcone v. IRS*, 479 F. Supp. 985, 990 (E.D. Mich. 1979); *Nat'l Day Laborer Org. Network v. U.S. Immigr. and Customs Enf't Agency*, 827 F. Supp. 2d 242, 252-53 (S.D.N.Y. 2011) ("[T]he need to protect honest deliberation from public scrutiny disappears once an agency has adopted the logic of a document . . . ."). Therefore, the Defendants are directed to provide the "Findings & Conclusions" withheld documents to the Court for an *in camera* inspection.

## III.    CONCLUSION

For the reasons set forth herein, Defendants' motions (DE 65; DE 85) to limit the scope

of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality with respect to pistol license

applications filed with the Nassau County Police Department for 2008-present are denied, and

Defendants shall complete the previously ordered disclosure on or before September 30, 2022.

Furthermore, as to Defendants' motions for a protective order under Fed. R. Civ. P. 26(c)(1)(A)

based on the attorney-client privilege and deliberative process privilege pertaining to Findings &

Recommendations of the Nassau County Police Department written in connection with the

suspension or revocation of pistol licenses in Nassau County from 2008 – present, Defendants

are directed to provide the "Findings & Recommendations" withheld documents to the Court for

an *in camera* inspection on or before September 16, 2022.


Dated:  Central Islip, New York
         September 7, 2022

                                                    S O   O R D E R E D:
                                                    /S/ *James M. Wicks*
                                                      JAMES M. WICKS
                                                   United States Magistrate Judge

14