**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

October 6, 2022

Via ECF
Hon. James M. Wicks
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:     *Henry v. County of Nassau, et al.,*
         Case No. 17-CV-6545 (GRB)(JMW) and
         *Fusco v. County of Nassau, et al.,*
         Case No. 19-CV-04771 (ERK)(JMW)

Dear Magistrate Judge Wicks:

This office represents defendants in the two above-referenced actions, in which discovery has been combined. I respectfully submit this letter motion in opposition in reply to plaintiffs' opposition to defendants' motion for reconsideration of the Court's Memorandum Decision and Order filed September 7, 2022 which granted in part and deferred in part defendants' motion for a protective order, and in opposition to plaintiffs' cross-motion to compel (DE 74 in the *Fusco* action, and DE 90 in the *Henry* action).

**Response to Request No. 1.**
**Contents of Pistol License Applications**

In par. 7 of her Civil Conference Minute Order filed November 26, 2018 [DE 34 in the *Henry* action, copy annexed hereto as Exhibit "A"], the Hon. A. Kathleen Tomlinson stated, "*Defendants are directed to provide the first page* of the individual applications, going back two years from today, or November 16, 2016, from two years from today." (Emphasis added.) In addition, Magistrate Judge Tomlinson ordered in par. 3 of the Civil Conference Minute Order that "The Court will not require the defendants to produce documents going back to 2008 for the reasons set forth today. The Court finds that an appropriate discovery period is six years prior to the date of the filing of the Complaint. In this case, the relevant starting date is November 9, 2011."

In direct contradiction of Magistrate Judge Tomlinson's order, plaintiffs' counsel demands production of applications from 2008 to 2017. Since 2018 to date, defendants have produced 5,214 two-page pistol license applications, without protest from plaintiffs' counsel until only recently. Again, defendants respectfully in their motion for reconsidering that since the theory of plaintiffs' case in both *Henry* and *Fusco* is that the Nassau County Police Department has a policy of suppressing the *number* of pistol licenses, it is completely unnecessary to compel the Police Department to produce the 15-20 additional pages of personal information of the applicants appended to the applications, which is overly burdensome to produce, and which are irrelevant to both actions.

**Response to Request No. 2**
**Renewal Applications**

Regarding plaintiffs' January 27, 2022 letter (Exhibit "B" annexed hereto) referring to renewal applications from January 1, 2008 to date, Magistrate Judge Tomlinson's order directing production of the first pages only applies equally to the production of renewal applications for the period of November 16, 2016 to the "present," meaning November 16, 2018 (the date of Magistrate Judge Tomlinson's order). Defendants have produced a spreadsheet listing all 6,475 licensees who renewed their pistol licenses from November 16, 2016 to November 27, 2018, and corresponding renewal applications were provided to plaintiffs' counsel in January 2019.

**Response to Request No. 3**
**New York State Police Documents**

In Demand No. 3 of his January 27, 2022 letter plaintiffs' counsel demanded production of "any and all documents from the New York State Police Pistol License Permit Section to the Nassau County Pistol Permit Section without redaction from Januay 1, 2008 to date including all notifications of Family Court proceedings." Defendants objected to this demand as overbroad, as the Nassau County Pistol License Section often received documents from the New York State Police Pistol Permit Section that have absolutely no relevance to a specific applicant/licensee. Defendants have request that plaintiffs' counsel narrow this demands to detail the specific contents of the documents.

**Response to Request No. 4**
**Suspension or Revocation of Pistol Licenses**

In this demand plaintiffs' counsel seeks documents regarding the suspension or revocation of pistol licenses with "backup documentation." On June 20, 2022 and June 29, 2022 defendants produced to plaintiffs' counsel 3,407 pages of the Nassau County Pistol License Section's "FAIR" notes covering all pistol license suspensions and revocations covering 2011 to date. The FAIR notes are computer notes containing the entire histories of pistol license holders, from application to renewal, suspension and revocation, as the case may be. The "backup documentation" is completely covered by reference in the FAIR notes.

**Response to Request No. 5**
**Notice of Pistol License Revocations**

On June 20, 2022 defendants sent plaintiffs' counsel 282 pages containing the names, addresses and personal information, including reasons for revocation, of all license holder whose licenses were revoked from 2011 to 2018.

**Response to Request No. 6**
**Administrative Appeals**

The Nassau County Police Department commenced the written appeal procedure in 2014. Defendants have produced the 127 Final Determinations of the Police Commissioner from 2014 to 2022. Plaintiffs' counsel has demanded production of the underlying Findings and Recommendations. Defendants objected to production of the Findings and Recommendations on

the grounds of attorney-client privilege and the deliberative process privilege. On September 28, 2022 defendants produced the 127 Findings and Recommendations for an *in camera* review and are awaiting the Court's determination of this issue.

**Response to Request No. 7**
**Article 78 Proceedings**

Plaintiffs demanded production of documents regarding Article 78 proceeding commenced against the Police Department in connection with pistol license revocations. On June 13, 2022 defendants produced to plaintiffs' counsel 809 pages of all Article 78 Petitions, Answers and court determinations in their possession covering 2011 to 2022.

**Response to Request No. 8**
**Downgraded Applicants**

Request No. 8 seeks documents regarding pistol license applicants who were downgraded from a carry license to another form or license from January 1, 2008 to date. However, Magistrate Judge Tomlinson narrowed the date range to commencing November 9, 2011. The Nassau County Police Department's Information Technology bureau is in the process of attempting to identify such applicants.

**Response to Request No. 9**
**Voluntary Suspensions or Revocations**

Request No. 9 seeks documents regarding pistol license voluntary suspension or revocation. Defendants are not in possession of any documents responsive to this request, since pursuant to the Pistol License Handbook, suspensions and revocations are never "voluntary."

**Response to Request No. 10**
**Collection of Longarms**

Request No. 10 seeks documents regarding collection of longarms from non-pistol license owners. On June 28, 2022 and on July 8, 2022 defendants produced 225 pages of computerized property invoices of longarms surrendered or otherwise seized from pistol license holders covering 2019 to December 31, 2021.

**Response to Request No. 11**
**Return or Disposal of Longarms**

Request No. 11 seeks documents regarding the return or disposal of longarms. Defendants objected to this request as it seeks information and/or documents that are irrelevant to plaintiffs' claim that the Nassau County Police Department has a policy of suppressing the number of pistol license in Nassau County. That objection being noted, annexed hereto as Exhibit "C" is an Outlook message dated September 13, 2016 from the Police Department's Property Bureau regarding the disposal of firearms.

**Response to Request No. 12**
**Destruction of Longarms or Handguns**

   Request No. 12 seeks documents regarding the destruction of longarms or handguns. Defendants objected to this request as it seeks information and/or documents that are irrelevant to plaintiffs' claim that the Nassau County Police Department has a policy of suppressing the number of pistol license in Nassau County. That objection being noted, annexed hereto as Exhibit "C" is an Outlook message dated September 13, 2016 from the Police Department's Property Bureau regarding the disposal of firearms.

**Response to Request No. 13.**
**Policies Covering Issuance and Revocation of Handgun Licenses**

   On October 4 and 6, 2022 defendants produced to plaintiffs' counsel Pistol License Handbooks covering 2010 to 2022.

**Response to Request No. 14**
**Policies Covering Confiscation of Handguns and Longarms**

   On October 4 and 6, 2022 defendants produced to plaintiffs' counsel Pistol License Handbooks covering 2010 to 2022.

   **Conclusion.** For the foregoing reasons, defendants respectfully request (1) that the Court issue an order granting their motion for reconsideration, to limit the scope of discovery under Fed. R. Civ. P. 26(b)(1) based on proportionality with respect to Pistol License Applications filed with the Nassau County Police Department for 2011-present, and (2) that the Court deny plaintiffs' motion to compel, on the ground that defendants have already produced, or are in the process of continuing to produce, documents and information responsive to plaintiffs' discovery demands.

   As always, defendants thank Your Honor for your attention and consideration in this matter.

            Respectfully submitted,

            /s/ Ralph J. Reissman
            RALPH J. REISSMAN

cc: (Via ECF) Robert La Reddola
  Attorney for Plaintiffs

4

# EXHIBIT A

| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 11-16-2018 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 10:09 a.m. (30 minutes) |

*Henry v. County of Nassau, et al.*
**CV 17-6545 (DRH) (AKT)**

TYPE OF CONFERENCE:      **MOTION HEARING**

APPEARANCES:      Plaintiff:      Robert J. La Reddola

Defendants:      Ralph J. Reissman

(John Does #1-3)
(Jane Does #1-3)

FTR:   10:09 – 10:39

SCHEDULING:

The next Conference will be held on Friday, December 14, 2018 at 12 noon.  The Court expects that the Police Department's production pursuant to this Order will be completed by that date, and, if it is not, Deputy County Attorney Reissman is directed to bring to the Conference with him an appropriate representative of the Nassau County Police Department.

THE FOLLOWING RULINGS WERE MADE:

1.   Today's conference was scheduled to address the Plaintiff's outstanding discovery motion [DE 26].

2.   Attorney Reissman informed the Court that he has not received any documents from the NCPD notwithstanding his request.   The Court is hereby directing the NCPD to provide the responsive documents it is gathering (for Plaintiff's Request Nos. 1, 2, 3, 4, 5, 6, 7, 10, and 11) by December 14, 2018.   If the material is not produced by that date, Attorney Reissman is directed to bring with him to Court the appropriate representative of the NCPD who is in a position to explain why the document production has still not been made. Attorney Reissman is directed to bring this information to the attention of the NCPD forthwith.

3.   The Court will not require the defendants to produce documents going back to 2008 for the reasons set forth today.   The Court finds that an appropriate discovery period is six years prior to the date of the filing of the complaint.   In this case, the relevant starting date is November 9, 2011 to the present.

4.   As to specific requests, the Court first addressed Plaintiff's Document Request No. 5, directed to documents relating to license revocations which contain personal information of applicants.   Plaintiff's counsel stated he would not be opposed to production of the

revocation letters with individual names redacted.   However, Plaintiff's counsel added that
he is interested in the names of individuals who voluntarily surrendered their pistol licenses.
The Court is requiring the County to produce at this time the documents responsive to
Request No. 5 (for the relevant time period set forth above) with the individual names
redacted.   To the extent Plaintiff's counsel believes he is entitled to additional information,
counsel may file a motion providing the rationale and an analysis of the relevant case law.

5.   With respect to Request No. 8, the appropriate date range as noted is November 9, 2011 to
the present.   As to the scope of the request, the Court is permitting a sampling of 50
cases to be made.   Counsel shall jointly agree on the actual 50 samples selected. These
documents must be produced by January 4, 2018.

6.   With respect to Request Nos. 9 and 10, Defendants object to the burdensomeness required
to respond. The Court is again directing the use of a 50-file sampling, with the same time
frame set forth above.

7.   As to Request Nos. 11 and 12, Defendants are directed to provide the first page of the
individual applications requested, going back two years from today, or November 16, 2016.
from two years from today.   The same parameters shall apply to Request No. 12.   As to
the "second" Request No. 12 pertaining to electronic pistol license records, which contains
notes from investigators, the Court is directing Defendants to provide these electronic
records going back two years from today's date.

8.   Plaintiff's counsel states that he has an informant within the Nassau County Police
Department, whom he is not willing to identify at this time.   The Court pointed out that it
is not going to direct the production of massive amounts of records on the basis of an
unnamed, unsworn informant whose statements are essentially hearsay.   If Plaintiff's
counsel believes he is entitled to further production, he will need to provide the Court with
something more than hearsay from an unnamed source.   The Court will permit Plaintiff's
counsel to provide an affidavit from the individual he is referencing and will permit counsel
to make an application to have the affidavit filed under seal for the present time.   However,
any such affidavit must be accompanied by a cover letter, filed on ECF, explaining why the
information presented provides an adequate basis to warrant production of the information
Plaintiff seeks.

9.   Any other discovery disputes will need to be resolved once the NCPD production has been
completed.

10.   Plaintiff's counsel stated that he intends to file an amended complaint with an amended
caption.   The Court pointed out that a stipulation to amend the complaint and the amended
complaint needs to be executed and filed with this Court. The stipulation shall be filed first,
so that the Court can "so order" the document, after which the Amended Complaint can be
filed on ECF.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

# EXHIBIT B



LA REDDOLA LESTER
& ASSOCIATES, LLP
ATTORNEYS AT LAW

600 Old Country Road, Suite 224, Garden City, NY 11530
Tel. 516-357-0056  Fax: 516-357-0069
www.llalawfirm.com

Steven M. Lester
Robert J. La Reddola

rjl@llalawfirm.com

Nicole A. Wolfer
(Admission Pending)

NYC Office (by appointment only):
46 Trinity Place, #1, New York, New York 10006
(646) 415-8171

January 27, 2022

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

> **Re:**   *Henry v. County of Nassau, et al.,*
> **Case No. 17-CV-6545 (DRH)(AKT) (E.D.N.Y.) and**
> *Fusco v. County of Nassau , et al.,*
> **Case No. 19-CV-04771 (DRH)(JMW) (E.D.N.Y.)**
> **Report on Discovery for Combined Matters**

Dear Hon. Wicks:

The purpose of this letter is to apprise the Court of the current status of discovery in the matters of *Henry v. County of Nassau* and *Fusco v. County of Nassau*. On January 13, 2021, your Honor Ordered the two within matters to be joined for discovery purposes. (See Dkt. 58 Docket Text)

I have had a meet and confer with Mr. Reissman and we have been unable to reach an accommodation. In sum the County produced certain discovery between June 8, 2018 and January 20, 2019. Both productions are in paper form. The first production is without Bates Numbers. Both productions are highly redacted and unusable to the Plaintiff. (See Motion to Compel Discovery Dkt. 62-1 and attachments thereto for examples).

As this court is aware, there was a two and a half year delay in discovery as a result of the dismissal of the case and the successful appeal to reinstate the case. Upon review, Plaintiff can certify that in addition to the previous specific issues raised regarding Defendants lack of response to individual Interrogatories and Document Demands, some general issues can be addressed for the document production in *Henry* and *Fusco*.

Hon. James M. Wicks U.S.M.J.
January 27, 2022
Page 2

- In both cases, Defendants document production must be updated to 2022. Plaintiff requests the entire production be redone without the redaction of the names, addresses and factual content. The new production should be (i) in electronic format, (ii) properly organized (iii) with Bates numbers, (iv) and updated to 2022 and (v) without redactions.

**Nassau County Police Department:**

1. Any and all documents related to **pistol license applications** without redaction, indicating the category of license requested from January 1, 2008 to date.

2. Any and all documents related to pistol license **renewals** including all backup documentation, investigators notes, and internal communications, without redaction from January 1, 2008 to date.

3. Any and all documents from the New York State Police Pistol Permit Section to the Nassau County Pistol Permit Section without redaction from January 1, 2008 to date including all notifications of Family court proceedings.

4. Any and all documents regarding the **suspension or revocation** of Nassau County pistol licenses with all backup documentation including but not limited to notice of suspension, internal investigation reports, escalation from pistol license section to Chief of P or higher, from January 1, 2008 to date.

5. Any and all **Notice of Pistol License Revocation**, without redaction from January 1, 2008 to date.

6. Any and all administrative appeals for reconsideration of a notice of suspension or revocation including the full report, without redaction from P.O. Todd or others from January 1, 2008 to date, including all decisions.

7. Any and all documents regarding any Article 78 actions brought against the county, regarding a judicial review of a decision to revoke a pistol license without redactions from January 1, 2008 to date, including a copy of all Notice of Petitions, Petitions and Opposing Papers and Court orders or settlement.

Hon. James M. Wicks U.S.M.J.
January 27, 2022
Page 3

8.  Any and all documents regarding pistol license applicants who were downgraded from a carry license to another form of license, without redaction from January 1, 2008 to date.

9.  Any and all documents regarding pistol license voluntary suspension or revocation of a pistol license, without redaction from January 1, 2008 to date.

10. Any and all documents regarding collection of long arms from non-pistol license owners, without redaction from January 1, 2008 to date.

11. Any and all documents regarding return of or disposal of long arms without redaction from January 1, 2008 to date.

12. Any and all documents regarding destruction of long arms or handguns without redaction from January 1, 2008 to date.

13. Copics of all Nassau County policies in effect regarding to issuance and revocation of handgun licenses, without redaction January 1, 2008 to date.

14. Copies of all Nassau County policies in effect regarding confiscation of handguns and or long arms, without redaction January 1, 2008 to date.

**Nassau County Sheriff's Department**

1.  Any and all copies of ex parte, temporary and full orders of protection from January 1, 2008 to present.

2.  Any and all documents and information regarding Nassau County Sheriff's subpoena service on all Respondents in Nassau County, without redaction from January 1, 2008 to date.

3.  Any and all records of all firearms that were confiscated by the Nassau County Sheriff.

4.  Copies of all Nassau County policies in effect regarding to collection of handguns and or long arms without redaction January 1, 2008 to date.

Hon. James M. Wicks U.S.M.J.
January 27, 2022
Page 4

**Review of *Henry* and *Fusco* Combined For Discovery:**

In *Henry v. County of Nassau,* the Second Circuit reversed the dismissal of the case under nearly identical Challenged Restrictions as in the Fusco case. (See *Henry v. Cty. of Nassau,* 6 F.4th 324 (2d Cir. 2021) at 9). The decision focused in part, on the lack of evidentiary basis for revocation of the pistol license of Henry by the County, stating:

> We reverse the district court's judgment, identifying error in its holding that Henry failed to state a claim for a violation of the Second Amendment. As an initial matter, the district court's scrutiny analysis was flawed **because the Second Amendment secures an individual right to keep and bear arms; accordingly, Henry was not required to allege a complete ban on firearm ownership for all residents of Nassau County to state a claim at the core of the Second Amendment**. But even assuming that intermediate scrutiny applies to Henry's claim, his complaint still states a claim for relief under the Second Amendment because the complaint plausibly alleges that the County did not have "substantial evidence" that Henry is a danger to the safety of others. *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo,* 804 F.3d 242 (2d Cir. 2015) (emphasis omitted). Because these allegations, accepted as true, would mean that the County's actions were not "substantially related" to the County's "interests in public safety and crime prevention," the complaint should not have been dismissed for failure to state a claim even if intermediate scrutiny applies. *Id.* at 261, 264.

> *[Emphasis added] Henry v. Cty. of Nassau, 6 F.4th 324 (2d Cir. 2021) at 3.*

Thus, *Henry* stands for the proposition that for the first time in New York in a handgun case the Second Amendment secures an individual right to keep and bear arms, whereas prior case law held that a handgun was merely a privilege.

Also, in *Henry,* the Second Circuit spent a great deal of time discussing the facts of the dismissed Family court orders. *Henry v. Cty. of Nassau,* 6 F.4th 324 (2d Cir. 2021) at 3-5. Later, the court noted;

> As we discuss below, the complaint plausibly alleges that the evidence on which the County based its decisions was not reliable. Therefore, we cannot determine at this stage whether strict or intermediate scrutiny applies. Even assuming that intermediate scrutiny applies to Henry's claims, however, we conclude that Henry has stated a claim for a violation of the Second Amendment.

> (*Henry v. Cty. of Nassau,* 6 F.4th 324 (2d Cir. 2021) at 6).

Plaintiffs are looking to the evidence upon which license are granted and denied or revoked and whether or not the County decisions were based upon reliable information, in *Henry, Fusco* and for other licensees. The redactions made in the Defendants' 2018 document productions makes it impossible to identify individuals by name. Often the address and pistol license number is

Hon. James M. Wicks U.S.M.J.
January 27, 2022
Page 5

omitted. Without this information we cannot connect the individuals to the facts, revocation letters or denials. As no Bates numbers are provided for reference, there is no way to connect the information. As the information is separated by the response to the interrogatory or document request, it is impossible to connect the information to the application or licensee.

For example, in response to Document Demand #8, Defendants' produced Notice of Pistol License Revocation letters and copies of Order of Protections. (Annexed hereto as Exhibit 1). The Notice of Pistol License Revocation and the Order of Protection have the names redacted. There is no way to determine whether or the Order of Protection relates to the Notice of Pistol License Revocation.

In Defendant's Response to Interrogatory #1 and Interrogatory #2, there are multiple redactions including the names of pistol license holders (Annexed hereto as Exhibit 2) Without having access to the name of the licensee or long arm owner, the Plaintiff cannot connect the document to any other documents that was produced such as an appeal decision.

In sum, in order for the document production to be useful, and entirely new document production without redaction is required.

The documents that were produced to the Plaintiff in 2018 in response to document demands are not in Bates numbering format. The only documents that were Bates numbered were Defendants' responses to interrogatories.

Very truly yours,

*/s/ Robert J. La Reddola*

Robert J. La Reddola

RJL/at

Enclosures

# EXHIBIT C

## Corrigan, Kathleen

| | |
|---|---|
| **From:** | Bein, Frances |
| **Sent:** | Tuesday, September 13, 2016 12:40 PM |
| **To:** | Corrigan, Kathleen |
| **Subject:** | FW: Firearms Disposal Program |

Please read the below e-mail from Commissioner Hart. I had checked my S.H. indexes from 2012 and 2013 and there was nothing there. So this e-mail must have been the start of it all.

*Deputy Inspector Frances M. Bein, Jr.*

**From:** Steinberg, Lee
**Sent:** Thursday, January 17, 2013 8:02 PM
**To:** Bein, Frances; Gurrieri, Michele
**Subject:** Fwd: Firearms Disposal Program

Please see the below email.

Michele
If you could please provide us with the department protocols prior to our Tuesday meeting.
Capt
I would like you to attend this meeting with me on Tuesday

Lee Steinberg

Begin forwarded message:

> **From:** "Hart, Robert M." <rhart@PDCN.ORG>
> **Date:** January 17, 2013, 5:42:31 PM EST
> **To:** "Steinberg, Lee" <LSteinberg@PDCN.ORG>, "DePaola, Thomas" <TDepaola@PDCN.ORG>, "Santiago, Israel" <ISantiago@PDCN.ORG>
> **Cc:** "Dale, Thomas V." <TDale@PDCN.ORG>
> **Subject:** Firearms Disposal Program
>
> Gentlemen: I would like to meet Tuesday, January 22, 1100 hours, my office, to discuss moving forward with a disposal program. Please adjust your schedules accordingly.
> Inspector, prior to that meeting if you would please have someone distribute any and all current protocols in place for the disposal of firearms, to include evidence, buybacks, members firearms etc., to myself, Captain DePaola and Det. Sgt. Santiago it would be appreciated. If there is somebody well versed in this particular area, have them attend the meeting to provide a briefing.
> My initial thought is to address buybacks and member weapons initially and then move into evidence weapons, but I'm open to suggestions. My goal is to begin immediately. Thank you in advance for your support, cooperation and what is sure to be hard, challenging work.

1